UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DEJESUS RODRIGUEZ, | No. 2:17-cv-1479 GEB AC PS |
| Plaintiff, | |
| v. | ORDER |
| JOYCE SAMPSON, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

## I. SCREENING STANDARDS

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction

1

(that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

| | |
|---|---|
| 1 | II.  THE COMPLAINT |
| 2 | Plaintiff names "Joyce Sampson, or Jane Doe, the unknown-named supervisor of San |
| 3 | Joaquin County Human Services Agency" as the sole defendant in this lawsuit.  ECF No. 1 at 1. |
| 4 | The complaint alleges violations of the "American with Disabilities Act, 42 U.S.C. §12101, et. |
| 5 | seq. ("ADA"), Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. §794 (the |
| 6 | "Rehabilitation Act"), and the Persons with Disabilities Civil Rights Acts, M.C.L. §37.1101, et. |
| 7 | seq. ("PDCRA")," as well as 42 U.S.C. §§ 1983, 1985, and 1986.  ECF No. 1 at 1 ¶1.  These |
| 8 | statutes are asserted as the basis for federal question jurisdiction.  Id. at 1 ¶2. |
| 9 | As best as the court can determine, plaintiff seems to be alleging a wrongful denial of |
| 10 | Medi-Cal services for long term care related to his "lower-back spinal injuries," "left for-arm and |
| 11 | elbow," and "dental operations including the need for implants."  Id. at 3 ¶¶10, 12, 13.  Plaintiff |
| 12 | states his benefits were terminated without due process, alleging defendant "acted under color of |
| 13 | law" in order to deprive him of his "federal rights, property interests and otherwise discriminated |
| 14 | against plaintiff based upon his disability."  Id. at 3-5 ¶¶ 14-21.  As "relief," plaintiff requests |
| 15 | "compensatory," "punitive," and injunctive relief.  Id. at 5. |
| 16 | The complaint does not contain a "short and plain" statement showing that plaintiff is |
| 17 | entitled to relief (that is, who harmed the plaintiff, and in what way) as required by Rule 8(a)(2). |
| 18 | Although the complaint suggests that plaintiff may be attempting to assert a claim for denial of |
| 19 | Medi-Cal benefits, it is unclear exactly what happened to plaintiff.  The gravamen of the |
| 20 | complaint is obscured by unclear sentences, and passages of statutory and regulatory language |
| 21 | that are not clearly linked to the underlying facts.  The complaint fails to explain how these |
| 22 | statutes are implicated in the alleged denial of benefits, and the court cannot determine whether if |
| 23 | plaintiff's claims appropriately brought under the cited statutes.  Although the Federal Rules |
| 24 | adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the |
| 25 | claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. |
| 26 | 1984).  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil |
| 27 | Procedure 8(a)(2), the complaint will be dismissed with leave to amend. |
| 28 | //// |

III.  AMENDING THE COMPLAINT

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). To the extent possible, plaintiff should provide the information identified as missing above.

In setting forth the facts, plaintiff must not go overbroad, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990))). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV.  PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your application to proceed in forma pauperis will be granted, but your complaint is being dismissed and you are being given an opportunity to submit an amended complaint within 30 days. The amended complaint should be "simple, concise, and direct." You should provide information that clearly states (1) the basis for federal jurisdiction, (2) the alleged harm you

suffered and how the defendant harmed you, and (3) the relief you are seeking. An amended complaint should briefly provide the necessary information, following the directions above.

V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. The complaint (ECF No. 1) is DISMISSED with leave to amend;

3. Plaintiff may file his amended complaint within 30 days of the date of this order. If plaintiff files an amended complaint, he must comply with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

DATED: August 17, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE