UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOSE DEJESUS RODRIGUEZ, | No. 2:17-cv-1479 GEB AC PS |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JOYCE SAMPSON, | |
| Defendant. | |

Plaintiff, is proceeding in this action pro se and in forma pauperis. Although plaintiff is presently incarcerated, this action does not challenge his conditions of confinement. This proceeding was accordingly referred to this court by E.D. Cal. R. ("Local Rule") 302(c)(21).

## I. SCREENING STANDARD

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to

1

relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

| | |
|---|---|
| 1 | II. FIRST AMENDED COMPLAINT |
| 2 | The First Amended Complaint ("complaint") names Joyce Sampson as the sole defendant |
| 3 | in this lawsuit. ECF No. 6 at 1. The complaint alleges causes of action under 42 U.S.C. § 1983, |
| 4 | 5 U.S.C. § 701 et seq., and 42 U.S.C. § 405(g). ECF No. 6 at 1-2. These statutes are asserted as |
| 5 | the basis for federal question jurisdiction. Id. |
| 6 | Plaintiff alleges first that defendant is liable under 42 U.S.C. § 1983 for the termination of |
| 7 | plaintiff's disability benefits, in the form of "rent and Food 4 Less vouchers," by "the state's |
| 8 | welfare agency." ECF No. 6 at 1. There are no supporting facts. Id. In order to state a |
| 9 | cognizable claim under section 1983, plaintiff must allege a deprivation of federal rights by a |
| 10 | person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's |
| 11 | complaint does not explain Joyce Sampson's role in the alleged denial of benefits, or provide |
| 12 | facts to show that she was acting under color of state law. Moreover, § 1983 provides relief only |
| 13 | for violations of *federal* rights. Plaintiff does not identify any federal statute or constitutional |
| 14 | provision that has been violated by defendant. He appears to complain about the denial of state |
| 15 | welfare and/or disability benefits, but he identifies no federal right to such benefits and the |
| 16 | undersigned is aware of none. For these reasons, plaintiff's first cause of action fails to state a |
| 17 | claim. |
| 18 | Plaintiff's second cause of action rests on the federal Administrative Procedures Act, |
| 19 | which governs the procedures of federal administrative agencies. To the extent plaintiff is |
| 20 | challenging the termination of state and/or county services and benefits, this federal law does not |
| 21 | apply. The complaint does not contain any facts which would suggest a violation of 5 U.S.C. § |
| 22 | 701 et seq., or which link Joyce Sampson to any violation of that Act. Accordingly, plaintiff's |
| 23 | second cause of action fails to state a claim. |
| 24 | Plaintiff's third cause of action relies on 42 U.S.C. § 405(g), which provides for judicial |
| 25 | review of the denial of federal Social Security disability benefits by the Commissioner of Social |
| 26 | Security. There are no facts in the complaint to indicate that plaintiff applied for and was denied |
| 27 | federal Social Security disability benefits. This statute does not create a federal judicial review |
| 28 | process for the denial of state or county benefits. If plaintiff did pursue Social Security benefits, |

and has received a final decision from the Commissioner of Social Security finding that he is not disabled, then he may bring a civil action pursuant to 42 U.S.C. § 405(g). In that case the proper defendant would be the Commissioner, not Joyce Sampson or any other state or county welfare official. As pleaded, plaintiff's third cause of action fails to state a claim.

## III. AMENDING THE COMPLAINT

Plaintiff will be granted leave to file a Second Amended Complaint, in which he may attempt to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that theory. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file a Second Amended Complaint, the amended complaint must clearly set forth the claims and allegations against the defendants. Any amended complaint must cure the deficiencies identified above and also observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of

procedural or factual background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible.

Plaintiff remains free to reassert the claims here dismissed, but is advised that failure to remedy the identified defects will result in a recommendation to the district judge that the complaint be dismissed without further leave to amend.

## IV. PRO SE PLAINTIFF'S SUMMARY

Your claims are being dismissed because none of them are cognizable.  You are being given an opportunity to submit a Second Amended Complaint in which you can address the problems mentioned above.  You should submit that complaint to the court within thirty days of this order's filing date.  Failure to do so may result in the dismissal of this action.

## V. MOTION FOR ACCESS TO MEANINGFUL LAW FACILITIES

Also before the court is plaintiff's motion for access to meaningful law facilities.  ECF No. 10. Plaintiff alleges that he was denied "access to meaningful law facilities" based on the law clerk's refusal to assist him "in civil matters outside the scope of [plaintiff's] criminal matters."  Id. at 1.  Plaintiff alleges he had sought to copy an affidavit he received in the mail relating to the amendment of his complaint, but was not permitted to do so.  Id.

Under the First and Fourteenth Amendments to the Constitution, state inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007), overruled on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  Prisoners do not, however, have a constitutional right to a law library.  Id., 518 U.S. at 350–51.  Law libraries are just one means of assuring prisoners meaningful access to the courts.  Id.  Accordingly, this motion will be denied.

////

////

////

5

## VI. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Access to Meaningful Law Facilities (ECF No. 10) is DENIED;

2. Plaintiff's First Amended Complaint (ECF No. 6) is DISMISSED with leave to amend; and

3. Plaintiff may file his amended complaint within 30 days of the date of this order. If plaintiff files an amended complaint, he must comply with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

DATED: April 5, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE