UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DEJESUS RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JOYCE SAMPSON,<br><br>    Defendant. | No. 2:17-cv-1479 JAM AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis. Although plaintiff is presently incarcerated, this action does not challenge his conditions of confinement. This proceeding was accordingly referred to this court by E.D. Cal. R. ("Local Rule") 302(c)(21).

## I. SCREENING STANDARD

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to

1

relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. SECOND AMENDED COMPLAINT

The Second Amended Complaint ("SAC") names Joyce Solomen as the sole defendant. ECF No. 23 at 1. The complaint purports to present causes of action under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101. Id. at 3. These statutes are asserted as the basis for federal question jurisdiction. Id.

Plaintiff alleges that defendant Solomen summarily terminated certain disability benefits awarded to plaintiff under a contract dated August 1, 2008, without a hearing. Id. at 4. There are no supporting facts. Plaintiff does not specify the disability benefits program at issue, the benefits that were terminated, or the public agency involved. The 2008 "contract" is not attached and its terms are not specified. Plaintiff does not provide any concrete information about the alleged termination, or attach any pertinent paperwork. The explanation that plaintiff does provide, id., consists of highly generalized assertions of wrongful conduct.

In order to state a cognizable claim under section 1983, plaintiff must allege a deprivation of federal rights by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's complaint does not explain Joyce Sampson's role in the alleged denial of benefits, or provide facts to show that she was acting under color of state law. Moreover, § 1983 provides relief only for violations of *federal* rights. Plaintiff appears to complain about the denial of state welfare and/or disability benefits, noting he was not allowed to appeal or recover his benefits under state law (ECF No. 23 at 4), but he identifies no federal right to such benefits. Accordingly, plaintiff's cause of action fails to state a claim under section 1983.

The SAC contains no allegations of discrimination based on disability, failure to accommodate disability, or other actions that could support a cause of action under the Americans with Disabilities Act.

Plaintiff's SAC is reminiscent of his original complaint (ECF No. 1) and his First Amended Complaint (ECF No. 6), both of which were dismissed with leave to amend because they did not state a claim or satisfy the pleading standards applicable in federal court. ECF Nos. 3, 17. Plaintiff's SAC does not cure the deficiencies of his first two attempts, and in fact provides less information. The SAC does not meet the pleading standard of Fed. R. Civ. P. 8, nor does it

state any cognizable claim for relief.  Because plaintiff has had multiple opportunities to submit a viable complaint and has failed to do so, it is clear to the court that granting further leave to amend would be futile.  Noll, 809 F.2d at 1448.  In light of the recommendation that this case be dismissed with prejudice for the reasons discussed above, plaintiff's pending motions for an order granting access to the law library (ECF No. 25) and to appoint counsel (ECF No. 27), should be denied as moot.

### III. PRO SE PLAINTIFF'S SUMMARY

Your Second Amended complaint has not fixed the problems identified in the court's two previous screening orders.  The facts you allege are not enough to state a federal claim for relief against the defendant.  You have been given two opportunities to amend your complaint, and the court will give you no additional opportunities.  Because the undersigned recommends dismissal of your case, it is also recommended that your motions to appoint counsel and for access to the law library be denied.  The recommendation will go to the District Judge assigned to this case. You have 21 days, as discussed below, to object to these recommendations.

### IV. CONCLUSION

Accordingly, the undersigned recommends that plaintiff's Second Amended Complaint (ECF No. 23) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and because further amendment would be futile.  It is further recommended plaintiff's motions for access to the law library (ECF No. 25) and to appoint counsel (ECF No. 27) be DENIED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's

////

////

order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 12, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE